Pennington, J.
— The objection taken to the proceedings below, is that the justice permitted a person who was not a licensed attorney, (but who had a pow'er of attorney from the plaintiff below, to act in his behalf in the suit,) to appear at the trial as the advocate of the plaintiff, and conduct the cause, although the plaintiff was himself present. That this was objected to at the time by the defendant, and the objection over-ruled.
Anderson, att’y for plaintiff.
Although our act of Assembly regulates this matter in other courts of law and equity in this State, yet it is wholly silent as it respects courts for the trial of small causes. It was certainly' a rule in the early ages of our common law, that every man of full age and sound mind, should appear in court in his own proper person, and prosecute or defend his suit.' But to [*] establish this as a practice, would he going hack to a period not far removed from the conquest, and would ho at variance with the settled practice of the times we live in. To permit, however, a party to bring with him into court, as his attorney or advocate, any one that he can pick up in the street, must certainly have a tendency to promote litigation and strife, and lead to the perversion of law, and the degredation of the courts wherein it is practised ; but it would be going too far to say that it can be assigned for error. As the law now stands, it appears to me a .subject of sound discretion in the justice. How far persons engaged in the practice of attending the justice’s courts as advocates, and stirring up suits and controversies in the neighbourhood in which they live, are liable to be punished for maintenance or barretry, is not at this time a subject for the consideration of this Court.
Judgment affirmed.